# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOYCE L. BULLOCK, <br>         Appellant, <br><br>     v. <br><br> DEPARTMENT OF THE AIR FORCE, <br>         Agency. | DOCKET NUMBER <br> AT-0752-21-0230-I-1 <br><br><br> DATE:  March 7, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joyce L. Bullock, Biloxi, Mississippi, pro se.

Benjamin Signer, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal.  On petition for review, the appellant does not challenge the administrative judge's findings and instead restates her previous assertions that someone has stolen her identity and that she is in jeopardy of having her life stolen, states her concern that someone has been reinstated into her position using her social security number, and expresses her belief that

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

people's identities are being changed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the proper legal standard for analyzing the appellant's affirmative defense of disparate treatment disability discrimination, we AFFIRM the initial decision.

On review, the appellant does not appear to challenge the substance of the administrative judge's findings that the agency met its burden of proving the medical inability charge and that she failed to prove her affirmative defenses. With the exception of the clarification of the legal standard used to analyze the disparate treatment disability discrimination defense, discussed below, we see no reason to disturb those findings.[2] Petition for Review (PFR) File, Tab 1 at 1-6;

_____

[2] With her petition for review, the appellant includes copies of a June 18, 2018 EEO Counselor's report and a June 14, 2018 notice of right to file a discrimination complaint. PFR File, Tab 1 at 7-20. Both of these documents were already included in the record below, so they are not new. *Compare* PFR File, Tab 1 at 7-9, 13-20, *with* IAF, Tab 12 at 23-33 and *compare* PFR File, Tab 1 at 11-12, *with* IAF, Tab 13 at 110-11; *see Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new). The appellant also has not explained how these documents are relevant or how they would warrant a

*Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>We modify the initial decision to clarify the proper legal standard for analyzing the appellant's disparate treatment disability discrimination affirmative defense.</u>

In the initial decision, the administrative judge found that the appellant failed to prove her affirmative defenses of disability discrimination based on a failure to accommodate and disparate treatment. Initial Appeal File (IAF), Tab 23, Initial Decision (ID) at 7-11. He determined that she failed to prove the failure to accommodate claim because she failed to demonstrate that she could perform the essential function of her position, with or without accommodation, and failed to prove the disparate treatment claim because she did not identify any similarly situated comparators who were treated less harshly, and further, because the medical evidence formed the basis for the agency's determination that the appellant could not perform the essential functions of her position. ID at 9-11.

The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA), as amended. *Id.* Therefore, we apply those standards here to determine if there has been a Rehabilitation Act violation. *Id.* In particular, the ADA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a); *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. An employer is also required to provide reasonable

_____

different outcome in her appeal, so they are not material and we have not considered them.

accommodations to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5); *Haas*, 2022 MSPB 36, ¶ 28. Both claims require that the individual be "qualified." *Haas*, 2022 MSPB 36, ¶ 28. A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Haas*, 2022 MSPB 36, ¶ 28.

Although the administrative judge did not make a specific finding that the appellant was not a "qualified" individual with a disability, he concluded that she could not perform the essential functions of her position with or without accommodation, based on the fact that her position required regular interaction with the public and coworkers, which both of the appellant's psychiatrists concluded was incompatible with her Delusional Disorder condition, absent medication or psychotherapy—both of which the appellant declined. ID at 9-10; *see* 29 C.F.R. §§ 1630.2(m), 1630.3; ID at 6-7. In addition, the agency provided evidence that it searched for but was unable to find a reassignment position for the appellant, despite the appellant's rejection of the agency's offer to search for such positions, and the appellant failed to present any argument or evidence to the contrary. IAF, Tab 12 at 51-55; *see Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 18 (2015) (indicating that an appellant failed to engage in the interactive process when he did not identify any vacant, funded position to which the agency might have reassigned him), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016); IAF, Tab 22 at 37; ID at 14. Accordingly, we agree with the administrative judge's determination that the appellant failed to prove that she could perform the essential functions of her position, with or without reasonable accommodation. ID at 8-10. Thus we agree that the appellant failed to prove her disability discrimination claim based on a failure to accommodate.

Additionally, despite finding that the appellant was unable to perform the essential functions of her position (and was thus not a qualified individual with a disability), the administrative judge mistakenly further analyzed the appellant's

disparate treatment disability discrimination claim under the standard identified in *Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 18 (2009), which considers the following: (1) was the appellant a member of protected group; (2) was he similarly situated to an individual who was not a member of a protected group; and (3) was he treated more harshly than the individual who was not a member of his protected group. ID at 10-11 (citing *Smith*, 112 M.S.P.R. 173, ¶ 18). In *Pridgen*, 2022 MSPB 31, ¶ 42, the Board clarified that disparate treatment disability discrimination claims should be analyzed under the same analytical framework as disparate treatment discrimination claims under Title VII. Nevertheless, because the appellant failed to meet the threshold requirement of showing that she is a qualified individual with a disability—a finding the appellant does not challenge on review—the administrative judge's application of the incorrect standard does not warrant a different outcome. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Accordingly, the initial decision is affirmed as modified by this Final Order.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

 If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

 If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

 **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.